JS 44  (Rev. 11/04)                              **CIVIL COVER SHEET**                                        **APPENDIX H**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| Lehigh Valley Hospital | Daniel L. Haggerty |

| **(b)** County of Residence of First Listed Plaintiff  Lehigh (PA) | County of Residence of First Listed Defendant  Warren (NJ) |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
| | NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |

| **(c)** Attorney's (Firm Name, Address, and Telephone Number) | Attorneys (If Known) |
|---|---|
| Tallman, Hudders & Sorrentino, P.C. 1611 Pond Road, Suite 300 Allentown, PA 18104    (610) 391-1800 | |

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☐ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☒ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Section 1332(a); 28 U.S.C. 1391(a)
Brief description of cause:
Breach of contract

**VII. REQUESTED IN COMPLAINT:**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ Money damages in the amount of   $688,907.29   CHECK YES only if demanded in complaint: JURY DEMAND: ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY**  (See instructions):   JUDGE _____   DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 5/1/07 | |

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

APPENDIX F

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: **1200 S. Cedar Crest Blvd., Allentown, Lehigh County, PA  18103**

Address of Defendant: **5-A Valley Drive, Belvidere, Warren County, NJ  07823-3132**

Place of Accident, Incident or Transaction: **1200 S. Cedar Crest Blvd., Allentown, Lehigh County, PA  18103**
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))___    Yes☐  No☒

Does this case involve multidistrict litigation possibilities?    Yes☐  No☒
*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes☐  No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes☐  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes☐  No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☒ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, **Megan D. Dalton** , counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: **5/1/07** _____    *Megan D. Dalton* Attorney-at-Law    **200008** Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **5/1/07** _____    *Megan D. Dalton* Attorney-at-Law    **200008** Attorney I.D.#

CIV. 609 (4/03)

APPENDIX G

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

```
Lehigh Valley Hospital,        :
           Plaintiff,          :
           V.                  :          Civil Action
Daniel L. Haggerty,            :          No: _____
           Defendant,          :
                               :
```

DISCLOSURE STATEMENT FORM

Please check one box:

☒      The nongovernmental corporate party, <u>  Lehigh Valley Hospital  </u>, in the
        above listed civil action does not have any parent corporation and publicly held
        corporation that owns 10% or more of its stock.

❑      The nongovernmental corporate party, _____, in the
        above listed civil action has the following parent corporation(s) and publicly held
        corporation(s) that owns 10% or more of its stock:

_____

_____

_____

_____

<u>   5/1/07   </u>                          _____
     Date                                           Signature

                    Counsel for:    <u>  Plaintiff  </u>

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**
        (a) WHO MUST FILE: NONGOVERNMENTAL CORPORATE PARTY. A nongovernmental
corporate party to an action or proceeding in a district court must file two copies of a statement
that identifies any parent corporation and any publicly held corporation that owns 10% or more
of its stock or states that there is no such corporation.
        (b) TIME FOR FILING; SUPPLEMENTAL FILING. A party must:
        (1)    file the Rule 7.1(a) statement with its first appearance, pleading, petition,
                motion, response, or other request addressed to the court, and
        (2)    promptly file a supplemental statement upon any change in the
                information that the statement requires.

APPENDIX G

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Lehigh Valley Hospital,<br>Plaintiff,<br>V.<br>Daniel L. Haggerty,<br>Defendant, | :<br>:<br>:<br>:<br>: | Civil Action<br>No: _____ |

DISCLOSURE STATEMENT FORM

Please check one box:

☒    The nongovernmental corporate party,  __Lehigh Valley Hospital__ , in the
     above listed civil action does not have any parent corporation and publicly held
     corporation that owns 10% or more of its stock.

❑    The nongovernmental corporate party, _____, in the
     above listed civil action has the following parent corporation(s) and publicly held
     corporation(s) that owns 10% or more of its stock:

_____

_____

_____

_____

| | |
|---|---|
| __5/1/07__ | _____ |
| Date | Signature |

Counsel for:  __Plaintiff__ _____

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**

   (a) Who Must File: Nongovernmental Corporate Party.  A nongovernmental
corporate party to an action or proceeding in a district court must file two copies of a statement
that identifies any parent corporation and any publicly held corporation that owns 10% or more
of its stock or states that there is no such corporation.

   (b) Time for Filing; Supplemental Filing.  A party must:

   (1)   file the Rule 7.1(a) statement with its first appearance, pleading, petition,
        motion, response, or other request addressed to the court, and

   (2)   promptly file a supplemental statement upon any change in the
        information that the statement requires.

APPENDIX I

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Lehigh Valley Hospital, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| Daniel L. Haggerty, | : | |
| Defendant, | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (x)

| | | |
|---|---|---|
| 5/1/07 | *Megan D. Dalton* | Megan D. Dalton |
| **Date** | Attorney-at-law | **Attorney for Plaintiff** |
| (610) 391-1800 | (610) 391-1805 | mdalton@thslaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

APPENDIX N

## SUMMONS IN A CIVIL ACTION

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Lehigh Valley Hospital,<br>            Plaintiff,<br><br>  V.<br><br>Daniel L. Haggerty,<br>            Defendant, | CIVIL ACTION NO.<br><br><br>TO: (NAME AND ADDRESS OF<br>    DEFENDANT)<br><br>Daniel L. Haggerty<br>5-A Valley Drive<br>Belvidere, NJ  07823-3132 |

YOU ARE HEREBY SUMMONED and required to serve upon

Plaintiff's Attorney (Name and Address)
Oldrich Foucek, III, Esquire
Megan D. Dalton, Esquire
Tallman, Hudders & Sorrentino, P.C.
1611 Pond Road, Suite 300
Allentown, PA  18104

an answer to the complaint which is herewith served upon you, within 20    days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

| | |
|---|---|
| Michael E. Kunz, Clerk of Court | Date: |
| (By) Deputy Clerk | |

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Lehigh Valley Hospital<br>1200 S. Cedar Crest Blvd.<br>Allentown, PA  18103 | : | |
| | : | |
| | : | |
| | : | |
| Plaintiff, | : | Civil Action No. |
| | : | |
| v. | : | |
| | : | |
| Daniel L. Haggerty, | : | |
| 5-A Valley Drive | : | |
| Belvidere, NJ 07823-3132 | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

Plaintiff, Lehigh Valley Hospital, by and through its attorneys, Tallman, Hudders &
Sorrentino, P.C., files the within Complaint against Defendant, Daniel L. Haggerty, and in
support thereof, avers as follows:

1.     Plaintiff, Lehigh Valley Hospital (hereinafter, "Plaintiff"), a Pennsylvania citizen,
is a non-profit corporation, organized and existing under the laws of the Commonwealth of
Pennsylvania, with its principal place of business located at 1200 S. Cedar Crest Blvd.,
Allentown, Lehigh County, Pennsylvania 18103.

2.     Defendant, Daniel L. Haggerty, (hereinafter, "Defendant"), a New Jersey citizen,
is an adult individual residing at 5-A Valley Drive, Belvidere, NJ 07823-3132.

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a) because
the parties are diverse in citizenship and the amount in controversy exceeds the sum or value of
$75,000.00, exclusive of interest and costs.

4.      Venue in this district is appropriate pursuant to the provisions of 28 U.S.C. §1391(a), because a substantial part of the events giving rise to the claim occurred in Lehigh County, Pennsylvania, which is situated in the Eastern District of Pennsylvania.

## FACTS

5.      On or about November 16, 2005, Defendant was admitted to Plaintiff's hospital for treatment following a car accident.  Defendant remained in Plaintiff's care for the period from November 16, 2005 through January 3, 2006.

6.      While Defendant was being treated at Plaintiff's facility, Plaintiff, through its agents and/or employees, provided various services to Defendant.

7.      The services provided by Plaintiff to Defendant were identified in detail billing statements provided to, or on behalf of, Defendant.

8.      The total fair and reasonable cost of services provided by Plaintiff to Defendant is the sum of Eight Hundred Eighty Thousand Nine Hundred Seventeen Dollars and Twenty One Cents ($880,917.21).

9.      Three payments totaling One Hundred Ninety Two Thousand Nine Dollars and Ninety Two Cents ($192,009.92) were made on behalf of Defendant to Plaintiff and applied to Defendant's account balance .

10.     Despite demand, Defendant has refused and continues to refuse to pay Plaintiff the sum of Six Hundred Eighty Eight Thousand Nine Hundred Seven Dollars and Twenty Nine Cents ($688,907.29), the balance upon Defendant's account which remains due and owing to the Plaintiff.

2

## COUNT I – BREACH OF CONTRACT

11.    Plaintiff hereby incorporates by reference the allegations set forth in paragraphs 1 through 10 as fully set forth herein.

12.    While Defendant was a patient at Plaintiff's hospital, Plaintiff by and through its agents, provided various medical services to Defendant, for all of which services Defendant agreed and/or is legally obligated to make payment.

13.    The services provided were identified in detailed billing statements previously provided to, or on behalf of, the Defendant.  Because these bills are voluminous and may contain health information about the Defendant, they are not attached to this Complaint.

14.    The total fair and reasonable cost of services provided by Plaintiff to Defendant is the sum of Eight Hundred Eighty Thousand Nine Hundred Seventeen Dollars and Twenty One Cents ($880,917.21).

15.    Despite demand, Defendant has refused and continues to refuse, to pay to Plaintiff the sum of Six Hundred Eighty Eight Thousand Nine Hundred Seven Dollars and Twenty Nine Cents ($688,907.29), the balance upon Defendant's account which remains due and owing to the Plaintiff.

WHEREFORE, Plaintiff, Lehigh Valley Hospital, demands judgment in favor of Plaintiff and against Defendant, Daniel L. Haggerty, in the amount of Six Hundred Eighty Eight Thousand Nine Hundred Seven Dollars and Twenty Nine Cents ($688,907.29) plus interest and costs of this action, and other such legal and/or equitable relief as this Honorable Court deems just.

3

## COUNT II – UNJUST ENRICHMENT

16.     Plaintiff hereby incorporates by reference the allegations set forth in paragraphs 1 through 15 as fully set forth herein.

17.     Defendant, in receiving services by Plaintiff, and in failing to pay for such services, has wrongly secured or passively received a benefit.

18.     Defendant has accepted and retained the benefit conferred upon him by Plaintiff.

19.     Defendant has refused and continues to refuse to compensate Plaintiff for the aforementioned benefit.

20.     Accordingly, it would be unconscionable for Defendant to retain the value of Plaintiff's expended services and supplies, without making payment to Plaintiff, and equity requires that Defendant compensate Plaintiff for such benefit conferred.

WHEREFORE, Plaintiff, Lehigh Valley Hospital, demands judgment in favor of Plaintiff and against Defendant, Daniel L. Haggerty, in the amount of Six Hundred Eighty Eight Thousand Nine Hundred Seven Dollars and Twenty Nine Cents ($688,907.29) plus interest and costs of this action, and other such legal and/or equitable relief as this Honorable Court deems just.

TALLMAN, HUDDERS & SORRENTINO, P.C.

By:___ */s/ Oldrich Foucek, III*_____
            Oldrich Foucek, III, Esquire
            Attorney I.D. No. 21554
            Megan D. Dalton, Esquire
            Attorney I.D. No. 200008
            1611 Pond Road, Suite 300
            Allentown, PA 18104-2258
            (610) 391-1800
            Attorneys for Plaintiff

4